United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IGNETIUS PIETY FERNANDES, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-458 |
| vs. | § | |
| | § | |
| | § | |
| MARTIN FRINK, Warden, Houston | § | |
| Contract Detention Facility, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the record, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.

The petitioner's detention is presumptively unreasonable; it has lasted more than six months and is likely to continue for more, without sufficient justification. The detention violates the Fifth Amendment's Due Process Clause. The respondents must provide the petitioner with a bond hearing before an immigration judge at which the government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the

community.  The respondents must provide this hearing by **June 25, 2026**, or release the petitioner by that date.  The parties must file an update with the court by **June 29, 2026**, informing the court of the result of the hearing and the petitioner's custody status.  The respondents' motion to dismiss and, in the alternative, for summary judgment (Docket Entry No. 5) is **denied** and the petition for a writ of habeas corpus is **granted in part**.

SIGNED on June 18, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2